**LEWANDOWSKI et v SZYMANSKI.**

Ohio Appeals, 6th Dist., Lucas Co.

No. 2114. Decided Nov. 13, 1928.

Alonzo G Duer, Toledo, for Lewandowski.
S A Fazekas, Toledo, for Szymanski.

**WILLIAMS, J.**

There is no question that the plaintiff was badly beaten up. The defendant Peter Lewandowski claimed by way of defense that he was defending his person against an assault made by the plaintiff, and was also protecting certain wooden timbers of which he claimed to be the owner. The defendant Charles Lewandowski asserted that in using force upon and against the plaintiff he was defending the person of Peter Lewandowski, his aged father, from an assault by plaintiff.

Upon the trial of the case the court refused to give defendants' request No. 7, which reads as follows:

"The law recognizes the natural right of the defendant, Peter Lewandowski, to acquire and own property, and as an incident to such right, the right to protect his property against the trespass of other individuals. If the plaintiff was trespassing upon or about to take away said defendant's personal property, and failed and refused when requested by the defendant, Peter Lewandowski, to desist from so doing, then the defendant, Peter Lewandowski, had a legal right to act promptly and use such force in the protection of his property as was reasonably necessary under the circumstances, and for such force he is not liable in this action."

This request was duly submitted and requested by defendants to be given to the jury before argument. It stated a correct proposition of law and the refusal to give it was prejudicial error.

The charge consisted largely of reading the pleadings to the jury, and did not define the specific issues which were submitted. It was erroneous, therefore, to the prejudice of the defendants. **Railroad v Lockwood, 72 Ohio St, 586.**

In passing, we call attention to the fact that the charge contains no reference to punitive or exemplary damages.

There is no other error apparent upon the face of the record.

For the reasons stated the judgment will be reversed and the cause remanded for a new trial.

Richards and Lloyd, JJ, concur.